UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | | |
|---|---|---|
| **KELVIS NARCISSE** | * | **CIVIL ACTION NO.** |
| | * | |
| | * | |
| **VERSUS** | * | **JUDGE:** |
| | * | |
| | * | |
| **TECHNOLOGY INSURANCE** | * | **MAGISTRATE:** |
| **COMPANY, INC., ADAMS TRANSFER** | * | |
| **& STORAGE, AND COLTON ADAMS** | * | |

* * * * * * * * * * * * *

### NOTICE OF REMOVAL OF CIVIL ACTION
### UNDER 28 U.S.C. § 1441(b) (DIVERSITY JURISDICTION)

**TO THE CLERK OF COURT:**

**PLEASE TAKE NOTICE** that Defendants, Old Republic Insurance Company and Adams Transfer & Storage Co., with full reservation of any and all rights, defenses, and objections, hereby give notice of the removal to this Court of the State Court Action described below and, in support, state as follows:

### BACKGROUND

1.

Technology Insurance Company, Inc. ("Technology"), Adams Transfer & Storage Co. ("Adams Transfer"), and Colton Adams were named as defendants in a civil action commenced on October 5, 2018 in the 15th Judicial District Court for the Parish of Lafayette, State of Louisiana, entitled "*Kelvis Narcisse v. Technology Insurance Company, Inc., Adams Transfer & Storage, and Colton Adams*" and bearing Docket Number C-20186192-L.

2.

On December 20, 2018, Plaintiff, Kelvis Narcisse, filed a First Supplemental and Amended Petition, amending Paragraph 1 of his original Petition to substitute Old Republic Insurance Company ("Old Republic") for Technology. Plaintiff's First Supplemental and Amending Petition, ¶ I. Plaintiff simultaneously filed a Motion to Dismiss Technology, without prejudice, which the state court signed on December 22, 2018. Motion and Order of Partial Dismissal.

3.

Defendants file herewith as Exhibit "A" "a copy of all process, pleadings, and orders served upon" Defendants. 28 U.S.C. § 1446(a).

4.

Defendants file herewith as Exhibit "B" copies of all of Plaintiff's discovery responses received to date.

5.

Defendants file herewith as Exhibit "C" a copy of email correspondence between undersigned counsel and Plaintiff's counsel.

6.

According to his Petition, Plaintiff, Kelvis Narcisse, claims that on or about October 24, 2017, he sustained personal injuries when he was involved in a motor vehicle accident that allegedly occurred through the fault of Colton Adams, who was operating a 2005 Freightliner truck on behalf of Adams Transfer. Plaintiffs' Petition, ¶¶ 2–4.

7.

Plaintiff contends that Adams Transfer is vicariously liable for the conduct of Colton Adams because he was acting within the course and scope of his employment at the time of the accident. Plaintiff's Petition, ¶¶ 2–4.

8.

Plaintiff asserts that his damages at the time he filed suit exceeded $50,000. *Id.* at ¶ 7.

9.

Plaintiff seeks to recover for:

serious and permanent injuries that have resulted in past and future physical and mental pain and suffering, past and future loss of enjoyment of 'life, past and future loss of earnings and loss of earning capacity, past and future disfigurement, and past and future disability, necessitating that he incur past and future medical expenses, past and future expenses for his personal care and services, and any and all other damages available under the law … .

*Id.* at ¶ 4.

10.

On February 26, 2019, undersigned counsel received a facsimile from Plaintiff's counsel in response to written discovery requests wherein the cost of Plaintiff's past medical treatments allegedly arising out of this incident total $39,490.32. Exhibit "B", Plaintiff's Discovery Responses, p. 10.

11.

Plaintiff asserts that he continues to treat for injuries purportedly suffered in the accident and that he has suffered lost wages due to those injuries. *Id.* at pp. 3–4.

12.

According to medical records provided by Plaintiff as part of his responses to written discovery requests and received by undersigned counsel on February 28, 2019, Plaintiff has

sought medical treatment for injuries to his jaw, neck, upper back, mid back, right hand, and right wrist, including multiple injections to relieve pain in his back, shoulder, and legs. The medical records also indicate that Plaintiff will continue to receive injections indefinitely. *See* Exhibit "B", Plaintiff's Discovery Responses, Medicals - 00149–00151. Additionally, Plaintiff was scheduled to undergo bilateral medial branch blocks on his spine on February 27, 2019. *See id.* at 00038–00040.

## DIVERSITY OF CITIZENSHIP

13.

Pursuant to 28 U.S.C. § 1332, this Court has jurisdiction over this matter based upon diversity of citizenship.

14.

As pleaded, Plaintiff, Kelvis Narcisse is and was a citizen of the State of Louisiana, both at the time of filing of this suit and at the time of removal. Plaintiff's Petition, first (unnumbered) paragraph.

15.

Defendant, Old Republic Insurance Company, is and was a Pennsylvania corporation with its principal place of business in Pennsylvania, both at the time of the filing of this suit and at the time of removal.

16.

Defendant, Adams Transfer & Storage Co., is and was a Texas corporation with its principal place of business in Texas, both at the time of the filing of this suit and at the time of removal.

17.

The domicile of Defendant, Colton Adams, is not considered for purposes of determining diversity jurisdiction because he was not served prior to filing of this Notice of Removal. *See Jalbert v. German Pellets Louisiana, L.L.C. v. Leibold*, 2019 WL 1025213, at *3 (citations omitted). Nevertheless, upon information and belief, Defendant, Colton Adams, is a natural person who is and was domiciled in the State of Texas, both at the time of the filing of this suit and at the time of removal.

## AMOUNT IN CONTROVERSY

18.

The $75,000.00 amount in controversy requirement of 28 U.S.C. § 1332 is satisfied in this case. Louisiana law prohibits a plaintiff from alleging a specific amount of damages in the complaint. La. Code Civ. P. art. 893. Where the amount of damages is ambiguous, the removing defendant is required to prove by a preponderance of the evidence that the amount in controversy exceeds the threshold amount. *Simon v. Wal-Mart Stores*, 193 F.3d 848, 850 (5th Cir. 1999). Removal is proper if it is facially apparent that the claims are likely above the jurisdictional amount. *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

19.

Plaintiff has refused to stipulate that his damages do not exceed $75,000. Exhibit "C", Email from Plaintiff's counsel.

20.

Plaintiffs' Petition does not set forth that there is a "lack of jurisdiction of federal courts due to insufficiency of damages" as required by La. Code Civ. Proc. art. 893(A)(1). Although most Louisiana federal courts have stated that the failure to include an Article 893 allegation,

alone, is insufficient to establish the amount in controversy, they have held that the omission is entitled to some consideration in the inquiry. *See*, *e.g.*, *Trahan v. Drury Hotels Co. LLC*, 2011 WL 2470982, *4 (E.D. La. June 20, 2011); *Ford v. State Farm*, 2009 WL 790150, *4 (M.D. La. Mar. 25, 2009); *Broussard v. Multi-Chem Group, LLC*, 2012 WL 1492855, *2 (W.D. La. Mar. 14, 2012). In light of Plaintiff's claimed damages, his failure to include such a statement in his prayer for relief makes it clear that more than $75,000 is at stake in this case.

21.

Further, Louisiana courts have found that damages exceeded $75,000 in cases involving back injuries similar to those alleged in Plaintiffs' Petition. For example, in *Labarrera v. Boyd Gaming Corp.*, the Louisiana Third Circuit Court of Appeal upheld a jury award of $55,000 for soft tissue injuries to the plaintiff's back. 2013-629 (La. App. 3 Cir. 1/30/14), 132 So. 3d 1018. In *Jacobs v. City of Marksville*, the Third Circuit upheld general damages of $45,000 based upon medical costs of just $5,583. 2006-1386 (La. App. 3 Cir. 3/7/07), 953 So. 2d 139.

22.

Here, Plaintiff has asserted claims for injuries to his jaw, neck, upper and mid back, and right hand and wrist. He has already undergone multiple injections and had scheduled a surgery for his back pain. Considering the cases above, it is readily apparent that an award for Plaintiff's alleged back injuries alone, if proven, as a matter of law and fact, easily exceed the sum of $75,000.00.

**REMOVAL IS PROPER**

23.

Defendant, Adams Transfer & Storage Co., was served with Plaintiff's Petition on October 22, 2018. Defendant, Adams Transfer & Storage Co., received Plaintiff's discovery responses containing Plaintiff's medical records on February 28, 2019.

24.

Defendant, Old Republic Insurance Company, was served with Plaintiff's Petition on October 22, 2018. Defendant, Old Republic Insurance Company, received Plaintiff's discovery responses containing Plaintiff's medical records on February 28, 2019.

25.

Defendant, Colton Adams, has not been served with Plaintiff's Original Petition.

26.

Accordingly, this Notice is timely filed within thirty (30) days after Defendants received "other paper", *i.e.*, Plaintiff's discovery responses and medical records, that first alerted them that this case is removable pursuant to this Court's diversity jurisdiction, 28 U.S.C. § 1446(b)(3) and (c)(3)(A); *Bosky v. Kroger Texas, LP*, 288 F.3d 208, 211 (5th Cir. 2002), and it is filed within one (1) year of the filing of Plaintiff's Original Petition in compliance with 28 U.S.C. § 1446((1)c).

27.

The United States District Court for the Western District of Louisiana, Lafayette Division, is the federal judicial district embracing the Fifteenth Judicial District Court for the Parish of Lafayette, where the suit was originally filed. Thus, venue is proper in this Court under 28 U.S.C. § 1441(a).

28.

This Court has original jurisdiction pursuant to 28 U.S.C. § 1332(a). Removal of this action to this Court is proper pursuant to 28 U.S.C. § 1441.

29.

Promptly after the filing of this Notice of Removal to the United States District Court for the Western District of Louisiana, a copy of this Notice will be filed with the Clerk of the Fifteenth Judicial District Court for the Parish of Lafayette, State of Louisiana, to effect the removal of this action to the United States District Court for the Western District of Louisiana, Lafayette Division, as provided by law.

**WHEREFORE**, the above premises considered, Defendants, Old Republic Insurance Company and Adams Transfer & Storage Co., pray that Civil Action No. C-20186192-L, currently pending in the Fifteenth Judicial District Court for the Parish of Lafayette, State of Louisiana, be removed to this Court for trial and determination; that all further proceedings in the State Court be stayed; and that these Defendants have all additional and further relief to which they may be entitled.

[*Signature and Certificate of Service on following page*]

Respectfully submitted:

*DUPLASS, ZWAIN, BOURGEOIS,*
  *PFISTER, WEINSTOCK & BOGART, APLC*

 */s/  John G. Yadamec*
_____
**CHRISTIAN B. BOGART (#22954)**
**RAVEN A FIELDING (#33125)**
**JOHN G. YADAMEC (#37928)**
3838 N. Causeway Boulevard, Suite 2900
Metairie, Louisiana 70002
Telephone: (504) 832-3700
Facsimile: (504) 837-3119
cbogart@duplass.com
rfielding@duplass.com
jyadamec@duplass.com
*Counsel for Defendants, Old Republic Insurance*
*Company and Adams Transfer and Storage Co.*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing pleading has been served on all counsel of record by facsimile, electronic mail, and/or by United States Mail, properly addressed, postage prepaid, on this 15th day of March 2019.

*/s/ John G. Yadamec*
_____
**JOHN G. YADAMEC**