| | |
|---|---|
| **KELVIS NARCISSE** | **DOCKET NO.: 2018-6192** |
| **VERSUS** | **15TH JUDICIAL DISTRICT COURT** |
| **TECHNOLOGY INSURANCE COMPANY, INC., ADAMS TRANSFER & STORAGE, AND COLTON ADAMS** | **PARISH OF LAFAYETTE** <br> **STATE OF LOUISIANA** |

## ANSWER TO PETITION FOR DAMAGES AND DEMAND FOR JURY

**NOW INTO COURT**, through undersigned counsel, comes Defendants, Technology Insurance Company, Inc. and Adams Transfer & Storage ("Defendants"), in answer to the Petition for Damages filed herein on behalf of Plaintiff, Kelvis Narcisse ("Plaintiff"), respond as follows:

1.

It is admitted that Technology Insurance Company, Inc. is authorized to do business in the State of Louisiana. It is admitted that Adams Transfer & Storage Company is a Texas Company. The remaining allegations contained in Paragraph 1 of the Petition for Damages are denied.

2.

The allegations contained in Paragraph 2 of the Petition are denied for lack of sufficient information to justify a belief therein.

3.

The allegations contained in Paragraph 3 of the Petition are denied.

4.

The allegations contained in Paragraph 4 of the Petition are denied for lack of sufficient information to justify a belief therein.

5.

The allegations contained in Paragraph 5 of the Petition are denied.

6.

The allegations contained in Paragraph 6 of the Petition are denied for lack of sufficient information to justify a belief therein.

7.

The allegations contained in Paragraph 7 of the Petition are denied for lack of sufficient information to justify a belief therein.

01658790-1


EXHIBIT A

8.

The allegations contained in Plaintiff's Prayer, are denied.

## AFFIRMATIVE DEFENSES

AND NOW, FURTHER ANSWERING, Defendants aver:

### FIRST DEFENSE

That the accident in question was not caused by any negligence, fault, and/or liability on the part of the Defendants but was caused solely and through the negligence and/or comparative negligence of Plaintiff or other parties, including, but not limited to, the following:

a. Failure to exercise reasonable care and maintain control of his vehicle under the circumstances prevailing at the time of the incident;

b. Failure to take proper precaution to avoid the incident and any alleged injuries;

c. Failure to do any act by which the incident made the basis of this litigation could have been avoided;

d. Failure to act as a reasonable and prudent person would act under the same or similar circumstance;

e. Failure to be attentive to surroundings and act in a prudent and cautious manner for the protection of self;

f. Failure to keep a proper lookout and to see what should have been seen;

g. Failure to maintain posted and safe speed and distance of his vehicle; and,

h. Any and all other acts and/or omissions constituting negligence and/or liability which may be shown at the trial of this matter.

### SECOND DEFENSE

In the alternative, any damages award to the Plaintiff should be proportionately reduced by his percentage of fault for contributory negligence, comparative negligence, victim fault, and assumption of the risk, all of which serve to totally bar and/or diminish any recovery herein and which may be proved upon the trial of this matter.

### THIRD DEFENSE

Defendants affirmatively aver that the damages alleged herein were caused by the fault, negligence, or superseding and intervening fault of others named or, not named as parties herein, for whom these Defendants are not liable or responsible.

### FOURTH DEFENSE

Continuing further in the alternative, to the extent that the injuries and any disabilities or other harms or damages alleged by Plaintiff existed prior to the alleged accident, Defendants are not liable for said injuries, disabilities, harms, or any resulting damages. In the alternative, and

only in the event it is found that any pre-existing injuries were aggravated by the alleged accident, any right to recover damages from Defendants are limited only to such damages resulting from the aggravation alone.

### FIFTH DEFENSE

Plaintiff's recovery, if any, is limited by Louisiana Revised Statute 32:866, which among other provisions, denies recovery to specifically delineated amounts of injury or damages occasioned by an owner or operator of a motor vehicle involved in an accident who fails to maintain compulsory motor vehicle insurance.

### SIXTH DEFENSE

Defendants affirmatively aver that any fault or negligence on the part of Defendants, which is expressly denied herein, was not a proximate cause of the damages of Plaintiff.

### SEVENTH DEFENSE

Plaintiff's claim are, or may be, barred in whole or in part by Plaintiff's failure to take reasonable measures to mitigate damages.

### EIGHTH DEFENSE

Defendants have acted fairly, have conducted a reasonable investigation, and have acted in good faith at all time in connection with the handling of the above captioned suit. Thus, Defendants specifically aver that Plaintiff has failed to provide satisfactory proof as loss as required under LSA-R.S. 22:1892.

### NINTH DEFENSE

In the event that discovery reveals so, Defendants affirmatively aver that the claims herein are barred by settlement and compromise and by releasing other parties.

### TENTH DEFENSE

In the event that discovery reveals so, Defendants affirmatively aver that the claims herein are barred by settlement and compromise and by releasing other parties.

### ELEVENTH DEFENSE

Defendants affirmatively aver that the damages alleged herein were due to the superseding and intervening fault of others, including but not limited to Plaintiff for whom these Defendants are not liable or responsible.

## TWELFTH DEFENSE

Technology Insurance Company, Inc. avers that it did not insure Adams Transfer & Storage or any other defendant at the time of this alleged accident.

## THIRTEENTH DEFENSE

Answering Defendants request a trial by jury on all issues herein.

WHEREFORE, Defendants, Technology Insurance Company, Inc. and Adams Transfer & Storage pray that their Answer be deemed good and sufficient and that after due proceedings had, there be dismissal of Plaintiff's suit at their costs.

Alternatively, Defendants, Technology Insurance Company, Inc. and Adams Transfer & Storage, pray that any judgment awarded to Plaintiff herein be diminished to the extent of their own fault to mitigate their damages as required by law.

Respectfully submitted,

DUPLASS, ZWAIN, BOURGEOIS,
PFISTER, WEINSTOCK, & BOGART

_____
CHRISTIAN B. BOGART (#22954)
RAVEN A. FIELDING (#33125)
JOHN G. YADAMEC (#37928)
Three Lakeway Center, Suite 2900
3838 North Causeway Boulevard
Metairie, Louisiana 70002
Telephone No.: (504) 832-3700
Facsimile No.: (504) 837-3119
cbogart@duplass.com
*Counsel for Defendants, Technology Insurance Company, Inc. and Adams Transfer & Storage*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the above and foregoing has been served upon all known counsel of record by facsimile, electronic mail and/or by depositing same in the United States Mail, first class postage prepaid and properly addressed on this ___ day of November, 2018.

_____
CHRISTIAN B. BOGART

| | |
|---|---|
| **KELVIS NARCISSE** | **DOCKET NO.: 2018-6192** |
| **VERSUS** | **15TH JUDICIAL DISTRICT COURT** |
| **TECHNOLOGY INSURANCE COMPANY, INC., ADAMS TRANSFER & STORAGE, AND COLTON ADAMS** | **PARISH OF LAFAYETTE** |
| | **STATE OF LOUISIANA** |

## REQUEST FOR NOTICE

    **NOW INTO COURT**, through undersigned counsel, comes, Technology Insurance Company, Inc. and Adams Transfer & Storage, who makes the following Request for Notice:

1. Pursuant to La. Code Civ. Proc. article 1572, Defendants request written notice ten (10) days in advance of the date fixed for the trial or hearing of any exceptions, motions or rules on the merits in the above-captioned action, and any other suit which has been, or may hereafter be, consolidated with said suit.

2. Pursuant to La. Code Civ. Proc articles 1913 and 1914, Defendants request immediate notice of all interlocutory orders or final orders and judgments on any exceptions, motions or rules on the merits in the above-captioned suit and any suit which has been, or may hereafter be, consolidated with said suit.

    **WHEREFORE**, Defendants, Technology Insurance Company, Inc. and Adams Transfer & Storage, pray that they be provided with the above notices.

Respectfully submitted,

**DUPLASS, ZWAIN, BOURGEOIS,
PFISTER, WEINSTOCK, & BOGART**

_____
**CHRISTIAN B. BOGART (#22954)
RAVEN A. FIELDING (#33125)
JOHN G. YADAMEC (#37928)**
Three Lakeway Center, Suite 2900
3838 North Causeway Boulevard
Metairie, Louisiana 70002
Telephone No.: (504) 832-3700
Facsimile No.: (504) 837-3119
cbogart@duplass.com
*Counsel for Defendants, Technology Insurance Company, Inc. and Adams Transfer & Storage*

## CERTIFICATE OF SERVICE

    **I HEREBY CERTIFY** that a copy of the above and foregoing has been served upon all known counsel of record by facsimile, electronic mail and/or by depositing same in the United States Mail, first class postage prepaid and properly addressed on this ____ day of November, 2018.

_____
**CHRISTIAN B. BOGART**

01688790-1

| | |
|---|---|
| **KELVIS NARCISSE** | **DOCKET NO.: 2018-6192** |
| **VERSUS** | **15TH JUDICIAL DISTRICT COURT** |
| **TECHNOLOGY INSURANCE COMPANY, INC., ADAMS TRANSFER & STORAGE, AND COLTON ADAMS** | **PARISH OF LAFAYETTE** <br> **STATE OF LOUISIANA** |

## JURY ORDER

Demand for trial by jury having been made herein, the Court hereby fixes bond required of the party desiring trial in the amount of $_____, which shall be posted no later than thirty (30) days prior to trial of this matter.

In addition to the bond set herein, the party desiring trial by jury must deposit with the Clerk of this Court the sum of $_____ for each day of trial, and an additional $_____ for each day for any alternate juror, said deposit to be made on or before the date of trial, **prior to the commencement of the trial.**

**IT IS FURTHER ORDERED** that any Jury Order previously issued in this proceeding which may conflict with requirements herein be, and the same, is hereby recalled and set-aside.

Lafayette, Louisiana, this _____ day of _____, 2018.

                                                                                                    **DISTRICT JUDGE**

```
53728689
```

| | | |
|---|---|---|
| KELVIS NARCISSE | * | DOCKET NUMBER: C-2018619-L |
| VERSUS | * | 15TH JUDICIAL DISTRICT COURT |
| TECHNOLOGY INSURANCE COMPANY, INC., ADAMS TRANSFER & STORAGE, AND COLTON ADAMS | * * | PARISH OF LAFAYETTE STATE OF LOUISIANA |

## MOTION AND ORDER OF PARTIAL DISMISSAL

NOW INTO COURT, through undersigned counsel, comes plaintiff, KELVIS NARCISSE, on suggesting to this Honorable Court that he wishes to dismiss his claims against TECHNOLOGY INSURANCE COMPANY, INC. in the above captioned matter, without prejudice, and therefore his claims against Defendant, TECHNOLOGY INSURANCE COMPANY, INC., asserted in the above captioned matter should be dismissed, without prejudice, reserving all other rights and claims asserted in his original and First Supplemental and Amending Petition against also and all other parties, including, ADAMS TRANSFER & STORAGE, COLTON ADAMS, and OLD REPUBLIC INSURANCE COMPANY.

**IT IS HEREBY ORDERED** that the claims of plaintiff, KELVIS NARCISSE, against Defendant, TECHNOLOGY INSURANCE COMPANY, INC., in the above numbered and entitled cause are and shall be dismissed, without prejudice, reserving to the plaintiff, KELVIS NARCISSE, all other rights asserted in his original and First Supplemental and Amending Petition for Damages against any and all other parties, including ADAMS TRANSFER & STORAGE, COLTON ADAMS, and OLD REPUBLIC INSURANCE COMPANY.

THUS DONE AND SIGNED in _____, Louisiana, this 27 day of Dec_____, 2018.

_____
DISTRICT JUDGE

STATE OF LOUISIANA PARISH OF LAFAYETTE
I hereby certify that a certified copy of this
__order__ has been mailed/served on all
parties this 7 day of Jan 2019
Bayla Young
Deputy Clerk of Court

cc': Robert B. Brahan Jr.
Christian Bogart

FILED THIS 22 DAY OF Dec, 2018
TRUE COPY ATTEST, LAFAYETTE, LA

Bayla Young
Deputy Clerk of Court

PAGE 1 OF 2

Respectfully submitted,

BROUSSARD & DAVID, LLC

_____
Blake R. David (#27427)
Robert B. Brahan, Jr. (Bar No. 31390)
P.O. Box 3524
Lafayette, Louisiana 70502
(337) 233-2323 – Telephone
(337) 233-2353 – Facsimile
ATTORNEY FOR PLAINTIFF,
KELVIS NARCISSE

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been forwarded to all known counsel of record via email, facsimile and/or U.S. mail, postage prepaid and properly addressed.

Lafayette, Louisiana, this 22 day of December, 2018.

_____
ROBERT B. BRAHAN, JR.

| | |
|---|---|
| **KELVIS NARCISSE** | **DOCKET NO.: 2018-6192** |
| **VERSUS** | **15TH JUDICIAL DISTRICT COURT** |
| **TECHNOLOGY INSURANCE COMPANY, INC., ADAMS TRANSFER & STORAGE, AND COLTON ADAMS** | **PARISH OF LAFAYETTE** <br> **STATE OF LOUISIANA** |

**ANSWER TO FIRST SUPPLEMENTAL AND AMENDING PETITION**

NOW INTO COURT, through undersigned counsel, comes Defendants, Old Republic Insurance Company and Adams Transfer & Storage ("Defendants"), in answer to the First Supplement and Amending Petition filed herein on behalf of Plaintiff, Kelvis Narcisse ("Plaintiff"), respond as follows:

1.

It is admitted that Old Republic Insurance Company is authorized to do business in the State of Louisiana. It is admitted that Adams Transfer & Storage Company is a Texas Company. The remaining allegations contained in Paragraph 1 of the First Supplemental and Amending Petition are denied.

2.

The allegations contained in Paragraph 2 of the First Supplemental and Amending Petition are denied.

3.

The allegations contained in Paragraph 3 of the First Supplemental and Amending Petition are denied.

4.

The allegations contained in Plaintiff's Prayer are denied.

**AFFIRMATIVE DEFENSES**

AND NOW, FURTHER ANSWERING, Defendants aver:

**FIRST DEFENSE**

That the accident in question was not caused by any negligence, fault, and/or liability on the part of Defendants but was caused solely and through the negligence and/or comparative negligence of Plaintiff and/or other parties, including, but not limited to, the following, for whom Defendants are not liable or responsible:

01721919-1

a. Failure to exercise reasonable care and maintain control of Plaintiff's vehicle under the circumstances prevailing at the time of the incident;

b. Failure to take proper precaution to avoid the incident and any alleged injuries;

c. Failure to do any act by which the incident made the basis of this litigation could have been avoided;

d. Failure to act as a reasonable and prudent person would act under the same or similar circumstance;

e. Failure to be attentive to surroundings and act in a prudent and cautious manner for the protection of self;

f. Failure to keep a proper lookout and to see what should have been seen;

g. Failure to maintain posted and safe speed and distance of his vehicle; and,

h. Any and all other acts and/or omissions constituting negligence and/or liability which may be shown at the trial of this matter.

## SECOND DEFENSE

In the alternative, any damages awarded to Plaintiff should be proportionately reduced by his percentage of fault for contributory negligence, comparative negligence, victim fault, and assumption of the risk, all of which serve to totally bar and/or diminish any recovery herein and which may be proved upon the trial of this matter.

## THIRD DEFENSE

Defendants affirmatively aver that the damages alleged herein were caused by the fault, negligence, or superseding and intervening fault of others named or not named as parties to this suit, including Plaintiff, for whom Defendants are not liable or responsible.

## FOURTH DEFENSE

Continuing further in the alternative, to the extent that the injuries and any disabilities or other harms or damages alleged by Plaintiff existed prior to the alleged accident, Defendants are not liable for said injuries, disabilities, harms, or any resulting damages. In the alternative, and only if it is found that any pre-existing injuries were aggravated by the alleged accident, any right to recover damages from Defendants is limited to such damages resulting from the aggravation alone.

## FIFTH DEFENSE

Plaintiff's recovery, if any, is limited by La. R.S. § 32:866 that, *inter alia*, denies recovery of specifically delineated amounts of injury or damages occasioned by an owner or

operator of a motor vehicle involved in an accident who fails to maintain compulsory motor vehicle insurance.

### SIXTH DEFENSE

Defendants affirmatively aver that any fault or negligence on the part of Defendants, which is expressly denied herein, was not a proximate cause of the damages of Plaintiff.

### SEVENTH DEFENSE

Plaintiff's claims are or may be barred in whole or in part by his failure to take reasonable measures to mitigate his damages.

### EIGHTH DEFENSE

Defendants have acted fairly, conducted a reasonable investigation, and at all times acted in good faith in connection with the handling of the above-captioned suit. Thus, Defendants specifically aver that Plaintiff has failed to provide satisfactory proof of loss as required under La. R.S. § 22:1892.

### NINTH DEFENSE

Should discovery so reveal, Defendants affirmatively aver that the claims herein are barred by settlement and compromise and by releasing other parties.

**WHEREFORE**, Defendants, Old Republic Insurance Company and Adams Transfer & Storage, pray that their Answer be deemed good and sufficient and, after due proceedings had, there be dismissal of Plaintiff's suit at his costs.

Alternatively, Defendants, Old Republic Insurance Company and Adams Transfer & Storage, pray that any judgment awarded to Plaintiff herein be diminished to the extent of his own fault to mitigate his damages as required by law.

*[signature on the following page]*

01721919-1

Respectfully submitted,

DUPLASS, ZWAIN, BOURGEOIS,
PFISTER, WEINSTOCK, & BOGART

_____
CHRISTIAN B. BOGART (#22954)
JOHN G. YADAMEC (#37928)
Three Lakeway Center, Suite 2900
3838 North Causeway Boulevard
Metairie, Louisiana 70002
Telephone No.: (504) 832-3700
Facsimile No.: (504) 837-3119
cbogart@duplass.com
jyadamec@duplass.com
*Counsel for Defendants, Old Republic Insurance Company and Adams Transfer & Storage*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the above and foregoing has been served upon all known counsel of record by facsimile, electronic mail and/or by depositing same in the United States Mail, first class postage prepaid and properly addressed on this 29th day of January, 2019.

_____
JOHN G. YADAMEC